## W. F. COX & WIFE *v.* E. C. ROACH.

[Abstract Kentucky Law Reporter, Vol. 6—670.]

**Contract Between Trustee and His Principal.**

    A bargain made between a trustee and the person he represents will, by the chancellor, be closely scanned, and the trustee will not be allowed to deal unfairly in such a matter, especially where the trustee is a trusted brother of such principal.

APPEAL FROM CHRISTIAN CIRCUIT COURT.

March 12, 1885.

OPINION BY JUDGE PRYOR:

By the will of C. W. Roach, he bequeathed to his grand-daughter Sallie E. Cox, an interest in his estate consisting of personalty, and placed it in the hands of his two sons, John J. and E. C. Roach, to be invested for her benefit, or controlled by them for her.

The husband of Mrs. Cox had been unfortunate in business and his farm containing 366 acres upon which a mortgage lien existed, was sold to pay his debts.  Mrs. Cox being desirous of retaining the land her trustees consented to purchase it for her, and on the 8th of January, 1877, executed a writing in which it is recited that they had purchased the land for $8,330 to be held by them as trustees for Sallie Cox, wife of W. F. Cox, so far as the interest in her said es-

tate will pay for, and the pro rata portion of said land shall belong to E. C. Roach, individually until said Sallie Cox shall pay him the balance of said $8,330; that her interest in said estate will not pay, with 10 per cent. interest from this date. Sallie Cox took possession of the land or retained the possession of the entire tract, and her legacy failed to pay for the tract by about $2,100. On the 12th day of August, 1880, the appellee, E. C. Roach, in accordance with his contract conveyed to the appellant Sallie Cox, the balance of the land for $2,876.90 and took the note of herself and husband for that sum payable in three years from date with interest at the rate of ten per cent. per annum, until paid, the interest to be paid annually and if not paid to become principal and bear a like rate of interest. The sum of $2,876.90 was made up of the ten per cent. interest and the attorney's fee that was paid on the suit against the husband the interest being calculated from January 8, 1877.

It is manifest from the original agreement as well as the subsequent execution of the note and deed in accordance with its limit that the purchase of this land was made for Mrs. Cox, and was held by the appellee as security for the purchase money advanced by him. What the legacy lacked of paying for the land, the appellant should be required to pay with interest at six per cent. from the 8th of January, 1877. The innocence of the purchaser; the execution of the note bearing ten per cent. interest until paid and the ten per cent. interest on the ten per cent. interest shows the nature of the transaction, and even if mistaken in this the relation of the parties, that of the trustee and the beneficiary, the one bargaining for her home and appealing to the gratuity of her trustee should preclude the appellee from asking and the chancellor from giving such a rate of interest as would deprive her of an income from even her trust estate.

The contract between the two was but one transaction and so inseparably connected that the trust and confidence must have been upheld by the one in the other, would of itself relieve the beneficiary of the oppressive bargain. The attorney's fee paid in the suit against the husband may be embraced in the judgment against him, but not against the wife. The judgment below is reversed and cause remanded for proceedings consistent with this opinion.

Judgment reversed.

*Feland & Wood, for appellants.*
*Petree & Littell, for appellee.*